N E W  Y O R K



+ 1 6 4 6 - 9 9 2 - 2 1 3 8

May 1, 2026

**VIA ECF**
VIA ECF (Filed as Letter Motion)
Honorable Marcia M. Henry, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 13C South
Brooklyn, New York 11201

**Re: *Brooklyn Resource Recovery, Inc. v. 3TEK Global, LLC*, No. 1:25-cv-06948-KAM-MMH**
Plaintiff's Letter Motion (1) to Preclude Defendant's Untimely Paper Discovery; (2) for a Protective Order under Rule 26(c); and (3) to Compel Defendant's Responses and Production under Rule 37(a)

Dear Judge Henry:

Pursuant to Your Honor's Individual Practices and the Federal Rules of Civil Procedure, Plaintiff Brooklyn Resource Recovery, Inc. ("BRR") respectfully submits this letter motion for an Order: (1) precluding Defendant 3TEK Global, LLC ("3TEK") from serving any paper discovery in this action — including the document requests, interrogatories, and requests for admission that 3TEK served on April 20, 2026, thirty-one days after the Court-ordered deadline; (2) issuing a protective order under Fed. R. Civ. P. 26(c) against Defendants; and (3) compelling 3TEK's substantive responses to BRR's First Requests for Production, First Set of Interrogatories, and First Requests for Admission, and the production of documents responsive thereto.

## I. THE COURT SHOULD PRECLUDE 3TEK'S UNTIMELY PAPER DISCOVERY AND ENTER A PROTECTIVE ORDER UNDER RULE 26(c).

The Court's Order of February 17, 2026 (ECF No. 17) established March 20, 2026 as the deadline to serve initial demands. 3TEK served its initial document requests, interrogatories, and requests for admission on April 20, 2026, 31 days late. 3TEK did not seek an extension before the deadline; did not meet and confer about an extension; and offers no good-cause justification for its delay. Your Honor's Individual Practice Rule III.A.3 specifically provides that, "[o]nce a Discovery Scheduling Order has been entered with the parties' input, the discovery deadlines will be enforced and amended only upon a showing of good cause." Federal Rule of Civil Procedure 16(b)(4) likewise permits modification of a scheduling order "only for good cause and with the judge's consent."

The Second Circuit holds that "a finding of good cause depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). To allow late-served discovery without diligence would "render scheduling orders meaningless." 3TEK has not even attempted such a showing. Further, 3TEK's violation of the March 20, 2026, deadline is the latest in a pattern of dilatory and obstructive acts:

- 3TEK raced to a Texas courthouse in a transparent effort to wrest jurisdiction from this Court;
- 3TEK's Texas Complaint contained materially false statements, including the assertion that "[a]t no time did BRR revoke or attempt to revoke its acceptance of the shredding system,"

despite 3TEK having received BRR's revocation notice earlier that same day (*see* ECF No. 13);

- 3TEK has engaged in similar forum-shopping in *3TEK Global LLC v. EMQ International Inc.*, Index No. DC-24-10375 (involving the same Bravo 6280 model);
- 3TEK has filed multiple requests to delay or stay this action;
- after this Court's February 12, 2026 Order and minute entry stating that venue and jurisdiction were likely proper in this District, 3TEK nevertheless filed a motion to dismiss, multiplying BRR's fees and costs; and
- 3TEK has now willfully violated this Court's Order at ECF No. 17 by serving paper discovery a month past the deadline that Order set.

Federal Rule 26(c) authorizes the Court, for good cause, to issue protective orders to shield a party from "annoyance, embarrassment, oppression, or undue burden or expense," including by "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). The record reflects exactly the pattern of intentional delay and obstruction that Rule 26(c) is designed to interrupt.

BRR purchased a multi-million-dollar industrial machine from 3TEK in reliance on representations that it would be operational and fit for its intended purpose. It is not. The Bravo 6280 remains defective, depriving BRR of the core asset necessary to operate its business. Each day of delay compounds BRR's financial losses.

## II. THE COURT SHOULD COMPEL 3TEK TO PRODUCE DOCUMENTS RESPONSIVE TO BRR'S FIRST REQUESTS FOR PRODUCTION.

3TEK's April 20, 2026 responses to BRR's First Requests for Production are uniformly deficient. 3TEK has not produced a single document. 3TEK's responses violate Rule 34(b), Local Civil Rule 26.2, and the spirit of Fed. R. Civ. P. 26(g), and they are designed to delay the depositions BRR must take.

Almost every one of 3TEK's responses recites a near-identical, copy-pasted catalogue of categorical objections without identifying which language in the request is supposedly overbroad, what burden production would impose, or what specific information is allegedly proprietary. Rule 34(b)(2)(B) requires that responses "state with specificity the grounds for objecting to the request, including the reasons." Generic, recycled objections preserve nothing under the rule.

Where 3TEK does signal a willingness to produce, it does so "**subject to the entry of an agreed protective order**." 3TEK uses that exact language across more than seventy responses. None states whether documents are being withheld on the basis of any continued objection. 3TEK's "subject to and without waiving" formulation provides BRR no way to determine whether responsive materials exist and are being withheld, or whether the objection is theoretical only.  Further, 3TEK has never proposed a form of protective order to BRR. BRR is willing to negotiate a reasonable Rule 26(c) protective order in good faith. 3TEK's tactic of withholding production behind an order that 3TEK refuses to draft or transmit is gamesmanship designed to delay the case. [1]

---

[1] Further, 3TEK has not served a privilege log. Local Civil Rule 26.2 requires, for each withheld document, identification of the type, general subject matter, date, author, recipients, and the privilege claimed. Without that log, BRR cannot evaluate (let alone challenge) any privilege assertion.

3TEK has refused to produce documents responsive to core requests that go directly to BRR's claims. For example, RFP Nos. 2 through 8, which seek specifications and decision-making records concerning the Bravo 6280 shredder, the ReConcept downstream system, the allegedly "fully functional" AFCS, the Parker IQAN control platform, and the substitutions of IQAN for Allen Bradley controls, hydraulic for electric drive, and mild steel for Hardox, 3TEK asserted boilerplate objections and agreed to produce nothing. These requests target the very design, engineering, manufacturing, performance, and substitution issues at the center of BRR's defect and breach claims, yet 3TEK has withheld all responsive documents.[2]

Lastly, 3TEK has set no date for production and has taken the position in meet-and-confer that documents "can be produced on a rolling basis" without firm dates or deadlines. That is unacceptable. With no documents produced and no date certain for production, BRR cannot take depositions of 3TEK personnel without flying blind or, alternatively, would be forced to take them twice (once now and once after eventual production).

### III. THE COURT SHOULD COMPEL COMPLETE RESPONSES TO BRR'S INTERROGATORIES AND REQUESTS FOR ADMISSION.

The responses 3TEK served on April 20, 2026, to BRR's First Set of Interrogatories and First Requests for Admission are also deficient.

3TEK answered Requests for Admission Nos. 3–6, 8, 19, and 20 with the bare formula "Denied as worded," without specifying which part of each request is denied or otherwise "fairly meet[ing] the substance" of the matter. That practice violates Fed. R. Civ. P. 36(a)(4), which requires that, when a request is not admitted, the answer "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it" and that "[a] denial must fairly respond to the substance of the matter."

Each of RFA Nos. 28, 29, 30, 32, 33, 37, 39, 40 asks 3TEK to admit a discrete factual matter, yet 3TEK answered each with the same partial admission about an entirely different component: "Admit that 3TEK replaced the Parker IQAN machine control system pursuant to the warranty in the Contract, otherwise denied." That is not an answer to the request actually propounded. It does not "fairly respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4).

Further, similar to the RFP, 3TEK objected to virtually every one of BRR's Interrogatories with a recycled list of generic, categorical objections — overbreadth, vagueness, irrelevance, burden, "not reasonably calculated to lead to the discovery of admissible evidence," confidentiality — without explaining how each objection applies to each specific request.

Each of these strategies — boilerplate objections, evasive non-answers, refusal to log privilege claims, generic Rule 33(d) references, conditional productions tied to a protective order 3TEK has never proposed — shifts the cost of litigation onto BRR and is incompatible with good-faith compliance with the Federal Rules.

---

[2] Each of these demands goes to the heart of BRR's contract and warranty claims. 3TEK's refusal to commit to produce *any* responsive documents in response to these requests cannot be reconciled with Rule 26(b)(1). This issue applies to demand 42-44, 68, 71-73, 77-78, and 80.

**IV. RELIEF REQUESTED.**

BRR respectfully requests an Order:

    (1) precluding 3TEK from serving any paper discovery in this action and striking the Initial Document Requests, Requests for Admission, and Interrogatories that 3TEK served late and issuing a protective order against further paper discovery;

    (2) compelling 3TEK, within fourteen (14) days, to:

        a. serve verified, fully responsive supplemental answers to Interrogatory Nos. 1–15;

        b. serve amended responses to Requests for Admission Nos. 3, 4, 5, 6, 8, 19, 20, 28, 29, 30, 32, 33, 37, 39, and 40 that fairly meet the substance of each request as Rule 36(a)(4) requires;

        c. produce all responsive, non-privileged documents responsive to Requests for Production, without conditioning production on the entry of any protective order that 3TEK has not proposed;

        d. Substantively respond to and produce non-privileged documents responsive to RFPs Nos. 42-44, 68, 71-73, 77-78, and 80.

        e. state in writing whether responsive materials are being withheld on the basis of any continued objection, as required by Rule 34(b)(2)(C).

        f. serve a privilege log;

    (3) directing 3TEK to transmit a proposed form of protective order, if any, within seven (7) days, or, in the alternative, deeming production not subject to any further protective-order condition;

    (4) granting such other and further relief as the Court deems just and proper.

**V. LOCAL CIVIL RULE 37.3 / FED. R. CIV. P. 37(a)(1) CERTIFICATION.**

The undersigned certifies that on April 27, 2026, counsel for BRR conferred with counsel for 3TEK by telephone in a good-faith effort to resolve the issues raised in this letter motion without Court intervention. The parties were unable to reach agreement: 3TEK's position is that the Court's Orders are mere deadlines, that its productions can be made on a rolling basis without dates or deadlines, and that its discovery may proceed despite having been served thirty-one days late. BRR therefore respectfully submits this letter motion. BRR thanks the Court for its attention to this matter.

Yassi Law PC

*Reza Yassi*

Reza Yassi, Esq.
Yassi Law PC
Attorney for:
BRR
106 W. 32nd St. Suite 123
New York, NY 10001
ry@yassilaw.com
646-992-2138