**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
BROOKLYN RESOURCE RECOVERY, INC,

             Plaintiff,

             v.

3TEK GLOBAL, LLC,

             Defendant.

----------------------------------------------------------------X

Case No. 1:25-cv-06948-KAM-MMH

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to the Federal Rules of Civil Procedure, Defendant 3TEK Global, LLC ("3TEK"), by their undersigned attorneys, respond and object to Plaintiff Brooklyn Resource Recovery, Inc.'s ("BRR") First Set of Interrogatories. Defendant reserves the right to further supplement or amend their answers to these interrogatories pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1. 3TEK objects to these interrogatories, and to every definition and instruction therein, to the extent that they seek to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

2. 3TEK objects to these interrogatories, and the definitions and instructions therein, to the extent that they call for the disclosure of any information that is privileged, was prepared in anticipation of litigation or for trial, and/or otherwise constitutes attorney work product or is immune from discovery. Inadvertent identification or production of any such information shall not constitute a waiver of any privilege or protection with respect to the subject matter thereof or the information contained therein, and shall not waive the right of 3TEK to object to the use of any

such document or communication (or the information contained therein) during this or any subsequent proceeding.

3.    All answers are based on 3TEK's current knowledge and reasonable belief, and 3TEK reserves the right to amend or supplement these Objections, Answers and Responses. 3TEK incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request.

## INTERROGATORIES

1.    **INTERROGATORY NO. 1:** Identify all Persons who had any role in the design, engineering, manufacturing, assembly, testing, quality control, or delivery of the Shredder System delivered to BRR in November 2024.

**RESPONSE:** 3TEK objects to this Interrogatory as: (1) being premature, vague, ambiguous; (2) seeking information protected by the attorney-client and/or work product privileges; (3) being overbroad on its face inasmuch as it is not reasonably limited in time, scope, or subject matter relevant to this dispute; (4) irrelevant, not reasonably calculated to lead to the discovery of admissible evidence; (5) seeking confidential and proprietary information; and (6) and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. 3TEK refers BRR to its initial disclosures for responsive information.

2.    **INTERROGATORY NO. 2:** Describe in detail Your corporate structure, including the identity of all members, officers, directors, and the specific roles of Granutech-Saturn

2

Systems Corporation, Riverside Engineering, Inc., Peninsula Equipment, LLC, and Blanchard Machinery Company in Your operations during the Relevant Period, including all shared employees, facilities, resources, or email systems.

**RESPONSE:** 3TEK objects to this Interrogatory as: (1) being premature, vague, ambiguous; (2) being overbroad on its face inasmuch as it is not reasonably limited in time, scope, or subject matter relevant to this dispute; (3) irrelevant, not reasonably calculated to lead to the discovery of admissible evidence; (4) seeking confidential and proprietary information; and (5) and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. 3TEK refers BRR to its initial disclosures for responsive information.

3. **INTERROGATORY NO. 3:** Identify all Persons who communicated with Patrick Christopher, John Rosselli, or Christian Rosselli regarding the Shredder System during the Relevant Period.

**RESPONSE:** 3TEK objects to this Interrogatory as being overbroad on its face inasmuch as it is not reasonably limited in time, scope, or subject matter relevant to this dispute. 3TEK generally states that the representatives that communicated with BRR were Bill Padula, Alan Williams, Taylor Griffith, and Matthew Morrison.

4. **INTERROGATORY NO. 4:** Describe in complete detail the root cause analysis You conducted regarding the chronic overfeed and underfeed conditions of the Automatic Feed Control System.

**RESPONSE:** 3TEK objects to this Interrogatory as it assumes erroneous facts. 3TEK is unaware of any chronic overfeed or underfeed conditions with respect to BRR's Automatic Feed Control System.

5.      **INTERROGATORY NO. 5:** Describe in complete detail Your investigation results into why the IQAN controls and wiring harnesses caused repeated shutdowns and error messages from November 2024 through October 2025.

**RESPONSE:** 3TEK objects to this Interrogatory as it assumes erroneous facts and as requiring an improper marshalling of evidence. 3TEK generally states that it evaluated BRR's issues related to the Parker IQAN machine control system and determined that it would replace the Parker IQAN machine control system pursuant to the warranty in the Contract, as well as the necessary wiring harnesses.

6.      **INTERROGATORY NO. 6:** Describe in complete detail the circumstances that led to the catastrophic failure of the C32 engine in less than a year of operation, including any root cause analysis.

**RESPONSE:** 3TEK objects to this Interrogatory as it assumes erroneous facts and as requiring an improper marshalling of evidence, as any issue with BRR's engine would have been handled by Caterpillar under the warranty it provided for the engine.

7.      **INTERROGATORY NO. 7:** State whether the control platform installed on BRR's Shredder System is an Allen Bradley control platform as specified in the Contract, and if not: (a) identify the actual manufacturer and model of the control platform installed; (b) explain when and why the decision was made to deviate from the Allen Bradley specification; (c) identify who made the decision; and (d) state whether BRR was informed of the change prior to delivery.

4

**RESPONSE:** 3TEK objects to this Interrogatory as it assumes erroneous facts and as requiring an improper marshalling of evidence. 3TEK generally states that BRR purchased the Parker IQAN machine control system from 3TEK under the Contract, and that the Parker IQAN machine control system is a more rugged and appropriate system for outdoor diesel engine applications than the Allen Bradley system.

8.      **INTERROGATORY NO. 8:** Describe in complete detail each service visit made by 3TEK personnel to BRR's facility in Brooklyn, New York, including Taylor Griffith's and Alan Williams' visits, including the work performed on each visit, defects identified, parts replaced, and any unresolved issues.

**RESPONSE:** 3TEK objects to this Interrogatory as: (1) being overbroad on its face inasmuch as it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence; (2) the information sought is equally available to BRR; (3) assuming erroneous facts; (4) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues; (5) assuming and/or misstating facts in evidence; and (5) seeking evidence of subsequent remedial measures. Further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the answer to this Interrogatory may be determined by examining the business records 3TEK has agreed to produce, subject to the entry of an agreed protective order, and the burden of deriving or ascertaining the answer will be substantially the same for either party.

9.      **INTERROGATORY NO. 9:** Describe in complete detail all facts and circumstances relating to the deletion, modification, or overwriting of PLC error logs from BRR's Shredder System, including the identity of the person who performed the action, the method used,

5

the specific data affected, whether the action was authorized and by whom, the stated reason for the action, and whether any backup or copy of the deleted data exists.

**ANSWER:** 3TEK objects to this Interrogatory as: (1) being overbroad on its face inasmuch as it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence; (2) assuming erroneous facts; (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues; and (4) assuming and/or misstating facts in evidence. 3TEK generally states that it replaced the Parker IQAN machine control system pursuant to the warranty in the Contract, as well as the necessary wiring harnesses, which will clear the logs from the prior Parker IQAN machine control system.

10.    **INTERROGATORY NO. 10:** Describe in complete detail Your investigation into the hydraulic valve failures, including why manual valves, solenoid-operated valves, and major valve blocks leaked and why brackets broke repeatedly, including the specific valve confirmed by serial-number checks to be the wrong valve for its intended function.

**REPONSE:** 3TEK objects to this Interrogatory as: (1) being overbroad on its face inasmuch as it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence; (2) the information sought is equally available to BRR; (3) and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues; (4) assumes and/or misstates facts in evidence; and (5) seeks evidence of subsequent remedial measures; and (6) seeks legal conclusions.  3TEK refers BRR to its answer to Interrogatory No. 5.

11.    **INTERROGATORY NO. 11:** Describe in complete detail your investigation into the back-wall grate assembly failures, including why the 2,000-pound grate repeatedly fell backward into the discharge chamber.

**REPONSE:** 3TEK objects to this Interrogatory as: (1) being overbroad on its face inasmuch as it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence; (2) the information sought is equally available to BRR; (3) and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues; (4) assumes and/or misstates facts in evidence; (5) seeks evidence of subsequent remedial measures; and (6) seeks legal conclusions.

3TEK generally states that it is unaware of any issues that BRR had with the back-wall grate assembly, but this is a consumable part.

12.    **INTERROGATORY NO. 12:** Describe in complete detail the design that caused the drum magnet sprocket to be machined off-center, resulting in chain snapping and hydraulic motor damage.

**REPONSE:** 3TEK objects to this Interrogatory as: (1) being overbroad on its face inasmuch as it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence; (2) the information sought is equally available to BRR; (3) and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues; (4) assumes and/or misstates facts in evidence; and (5) seeks evidence of subsequent remedial measures.

3TEK generally states that it is unaware of any issues that BRR had with these components.

13. **INTERROGATORY NO. 13:** Describe in complete detail all repairs, replacements, modifications, and maintenance performed on BRR's Shredder System from the date of delivery to the present.

**REPONSE:** 3TEK objects to this Interrogatory as: (1) being overbroad on its face inasmuch as it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence; (2) assuming erroneous facts; (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues; and (4) assuming and/or misstating facts in evidence. 3TEK generally states that it replaced the Parker IQAN machine control system under the warranty in the Contract, as well as the necessary wiring harnesses. Further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the answer to this Interrogatory may be determined by examining the business records 3TEK has agreed to produce, subject to the entry of an agreed protective order, and the burden of deriving or ascertaining the answer will be substantially the same for either party.

14. **INTERROGATORY NO. 14:** Identify all other lawsuits, arbitrations, claims, or regulatory proceedings involving any Bravo 6280 system or any substantially similar shredding system manufactured by 3TEK or Granutech, including the case name and number, the court or forum, the nature of the claims, the current status, and any settlements or judgments.

**REPONSE:** 3TEK objects to this Interrogatory as: (1) being overbroad on its face inasmuch as it is not reasonably limited in scope, vague, ambiguous on its face, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence;

(2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues; (3) seeking information protected by the attorney-client and work product privileges; and (4) seeking confidential and proprietary information.

15.    **INTERROGATORY NO. 15:** State all facts upon which 3TEK bases any contention that BRR 'accepted' the Shredder System within the meaning of UCC Article 2, including the specific acts constituting acceptance, the date of alleged acceptance, whether 3TEK contends BRR had a reasonable opportunity to inspect, and whether 3TEK contends BRR's revocation of acceptance was untimely or improper.

**REPONSE:** 3TEK objects to this Interrogatory as it: (1) is premature; (2) seeks an improper marshalling of evidence; (3) seeks legal conclusions; and (4) the information sought is equally available to BRR.

3TEK generally states that after manufacturing of the Shredding System being purchased by BRR was completed, the Shredding System was inspected to ensure that it met the specifications set forth in the Contract and BRR was notified it was ready to ship. The Shredding System was delivered to BRR's facility (F.O.B.), and, pursuant to the Contract, 3TEK arrived at the facility to assemble the Shredding System. After the delivery of the Shredding System, 3TEK inspected the Shredding System and confirmed that BRR had received what it ordered under the Contract and that the Shredding System met the specifications under the Contract. Despite accepting the Shredding System and putting the Shredding System into operation, and not revoking the Shredding System after ample time for inspection, BRR attempted to untimely revoke its acceptance.

16.    **INTERROGATORY NO. 16:** Identify all insurance policies that may provide
coverage for the claims asserted in this lawsuit, including the policy numbers, coverage periods,
coverage limits, and identity of all insurers.

**RESPONSE:** None.

Dated: April 20, 2026
    New York, NY

                                   Respectfully submitted,

                                   _____
                                   Christopher M.W. Pioch
                                   Christopher Pioch and Associates
                                   1350 Ave of the Americas, Fl 2 -1075
                                   New York, NY 10019
                                   cpioch@piochlaw.com
                                   Tel: (201) 956-0040

                                   -and-

                                   Ryan K. McComber *(PHV to be filed)*
                                   Texas Bar No. 24041428
                                   ryan.mccomber@figdav.com
                                   Stoker G. Burt (PHV to be filed)
                                   Texas Bar No. 24116151
                                   stoker.burt@figdav.com
                                   Figari + Davenport, LLP
                                   901 Main Street, Suite 3400
                                   Dallas, Texas 75202
                                   Tel: (214) 939-2000
                                   Fax: (214) 939-2090

                                   *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, the foregoing was served on Plaintiff Brooklyn Resource Recovery, Inc. via electronic mail upon the following counsel of record:

Reza Yassi
Yassi Law PC
106 W 32nd St., Suite 123
New York, NY 10001
ry@yassilaw.com


_____
Christopher M.W Pioch