**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

BROOKLYN RESOURCE RECOVERY, INC,

        Plaintiff,

        v.

3TEK GLOBAL, LLC,

        Defendant.

----------------------------------------------------------------X

Case No. 1:25-cv-06948-KAM-MMH

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Pursuant to the Federal Rules of Civil Procedure, Defendant 3TEK Global, LLC ("3TEK"), by their undersigned attorneys, respond and object to Plaintiff Brooklyn Resource Recovery, Inc.'s ("BRR") First Request for Production.  Defendant reserves the right to further supplement or amend their answers to these requests pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1. 3TEK objects to these requests, and to every definition and instruction therein, to the extent that they seek to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

2. 3TEK objects to these requests, and the definitions and instructions therein, to the extent that they call for the disclosure of any document or communication that is privileged, was prepared in anticipation of litigation or for trial, and/or otherwise constitutes attorney work product or is immune from discovery. Inadvertent identification or production of any such document or communication shall not constitute a waiver of any privilege or protection with respect to the subject matter thereof or the information contained therein, and shall not waive the right of 3TEK

to object to the use of any such document or communication (or the information contained therein) during this or any subsequent proceeding.

3.    3TEK objects to these requests to the extent that they require production of documents not within 3TEK's possession, custody, or control, or are more accessible to Plaintiff from Plaintiff's own files, or from documents or information in Plaintiff's possession. Responding to such requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatories is substantially the same or less for Plaintiff as for 3TEK.

4.    All responses are based on 3TEK's current knowledge and reasonable belief, and 3TEK reserves the right to amend or supplement these Objections, Answers and Responses. 3TEK incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request.

5.    3TEK also objects to the instructions regarding the manner of production of information, documents, and data. The instructions, addendum, and requests far exceed to obligations under the Federal Rules of Civil Procedure. Indeed, the instructions, addendum, and requests are overly broad, unduly burdensome and are not proportional to the needs of this case. Defendant will produce responsive documents, if any, in PDF format.

## **REQUESTS FOR PRODUCTION**

1.    **REQUEST FOR PRODUCTION NO. 1:** All Documents and Communications relating to the April 30, 2024 Contract, including all drafts, revisions, specifications, and related agreements.

**RESPONSE:** 3TEK objects to this request as it: (1) it seeks information protected from disclosure by the attorney-client and/or work product privileges; and (2) it is overbroad, unduly burdensome, particularly with regard to scope, ambiguous, and vague.

3TEK agrees to produce non-privileged responsive documents, subject to the entry of an agreed protective order.

2.      **REQUEST FOR PRODUCTION NO. 2:** All Documents and communications relating to the design, engineering, and manufacturing specifications for the specific Bravo 6280 shredder delivered to BRR in November 2024.

**RESPONSE:** 3TEK objects to this request as it: (1) it is vague and ambiguous; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks "all … Documents and communications" without limitation, and it is unlimited in scope or subject matter; and (4) it seeks confidential and proprietary business information of 3TEK.

3.      **REQUEST FOR PRODUCTION NO. 3:** All Documents and communications relating to the design, engineering, and manufacturing specifications for the ReConcept downstream system delivered to BRR in November 2024.

**RESPONSE:** 3TEK objects to this request as it: (1) it is vague and ambiguous; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks "all … Documents and communications" without limitation, and it is unlimited in scope or subject matter; and (4) it seeks confidential and proprietary business information of 3TEK.

4.    **REQUEST FOR PRODUCTION NO. 4:** All Documents and communications relating to the Automatic Feed Control System that was promised to be 'fully functional' and 'designed to maximize production by analyzing machine performance inputs from multiple sources.

**RESPONSE:** 3TEK objects to this request as it: (1) it is vague and ambiguous; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks "all … Documents and communications" without limitation, and it is unlimited in scope or subject matter; (4) seeks legal conclusions; (5) assumes and/or misstates facts in evidence; and (6) it seeks confidential and proprietary business information of 3TEK.

5.    **REQUEST FOR PRODUCTION NO. 5:** All Documents and communications relating to the Parker IQAN control platform installed in BRR's Shredder System, including failure rates, field performance data, and comparisons to Allen Bradley controls.

**RESPONSE:** 3TEK objects to this request as it: (1) it is vague and ambiguous; (2) is irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (3) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks "all … Documents and communications" without limitation, and it is unlimited in scope or subject matter; (4) assumes and/or misstates facts in evidence; and (5) it seeks confidential and proprietary business information of 3TEK.

6.    **REQUEST FOR PRODUCTION NO. 6:** All Documents and communications relating to the decision to substitute Parker IQAN controls for Allen Bradley controls in BRR's Shredder System.

4

**RESPONSE:** 3TEK objects to this request as it: (1) it is vague and ambiguous; (2) is irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (3) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks "all … Documents and communications" without limitation, and it is unlimited in scope or subject matter; (4) assumes and/or misstates facts in evidence; and (5) it seeks confidential and proprietary business information of 3TEK.

7.    **REQUEST FOR PRODUCTION NO. 7:** All Documents and communications relating to the decision to substitute hydraulic drive for electric drive in BRR's Shredder System.

**RESPONSE:** 3TEK objects to this request as it: (1) it is vague and ambiguous; (2) is irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it  reasonably calculated to lead to the discovery of admissible evidence; (3) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks "all … Documents and communications" without limitation, and it is unlimited in scope or subject matter; (4) assumes and/or misstates facts in evidence; and (5) it seeks confidential and proprietary business information of 3TEK.

8.    **REQUEST FOR PRODUCTION NO. 8:** All Documents and communications relating to the use of thin mild steel instead of Hardox wear-resistant steel plate sections in the ReConcept downstream conveyors and chutes.

**RESPONSE:** 3TEK objects to this request as it: (1) it is vague and ambiguous; (2) is irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (3) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks "all … Documents and communications" without limitation, and it is unlimited in scope or subject matter;

5

(4) assumes and/or misstates facts in evidence; and (5) it seeks confidential and proprietary business information of 3TEK.

9.    **REQUEST FOR PRODUCTION NO. 9:** All Communications between You and Patrick Christopher during the Relevant Period, including all text messages, emails, phone call logs, and voice messages.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; and (2) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all communications between 3TEK and Patrick Christopher and is not reasonably limited in scope or subject matter.

3TEK agrees to produce non-privileged responsive documents, subject to the entry of an agreed protective order.

10.    **REQUEST FOR PRODUCTION NO. 10:** All Communications between You and John Rosselli during the Relevant Period, including all emails and phone call logs.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; and (2) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all communications between 3TEK and Patrick Christopher and is not reasonably limited in scope or subject matter.

3TEK agrees to produce non-privileged responsive documents, subject to the entry of an agreed protective order.

11.    **REQUEST FOR PRODUCTION NO. 11:** All Communications between You and Christian Rosselli during the Relevant Period.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; and (2) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all communications between 3TEK and Patrick Christopher and is not reasonably limited in scope or subject matter.

3TEK agrees to produce non-privileged responsive documents, subject to the entry of an agreed protective order.

12.    **REQUEST FOR PRODUCTION NO. 12:** All Communications involving Bill Padula regarding the Shredder System, BRR, or Patrick Christopher during the Relevant Period.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) is ambiguous and vague; and (3) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all communications "involving Bill Padula . . . . BRR, or Patrick Christopher."

3TEK agrees to produce non-privileged responsive documents, subject to the entry of an agreed protective order.

13.    **REQUEST FOR PRODUCTION NO. 13:** All Communications involving Taylor Griffith regarding the Shredder System, BRR, or service visits to Brooklyn, New York during the Relevant Period.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) is ambiguous and vague; and (3) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all communications "involving Taylor Griffith . . . . BRR."

3TEK agrees to produce non-privileged responsive documents, subject to the entry of an agreed protective order.

14.     **REQUEST FOR PRODUCTION NO. 14:** All Communications involving Alan Williams regarding the Shredder System, BRR, or service visits to Brooklyn, New York during the relevant period.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) is ambiguous and vague; and (3) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all communications "involving Alan Williams . . . . BRR."

3TEK agrees to produce non-privileged responsive documents, subject to the entry of an agreed protective order.

15.     **REQUEST FOR PRODUCTION NO. 15:** All Communications involving Mike Bowen regarding the IQAN control programming for BRR's Shredder System during the Relevant Period.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) is ambiguous and vague; and (3) it is overbroad and unduly burdensome on its face as it has no

8

limitations inasmuch as it seeks all communications "Mike Bowen regarding the IQAN control programming."

3TEK agrees to produce non-privileged responsive documents, subject to the entry of an agreed protective order.

16.    **REQUEST FOR PRODUCTION NO. 16:** All Communications involving Matt Morrison regarding BRR's Shredder System, including the June 4, 2025 authorization for comprehensive replacement of control cabinets and wiring harnesses.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) is ambiguous and vague; and (3) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all communications "Matt Morrison regarding BRR's Shredder System."

3TEK agrees to produce non-privileged responsive documents, subject to the entry of an agreed protective order.

17.    **REQUEST FOR PRODUCTION NO. 17:** All Communications involving Ty Wiedrich regarding BRR's Shredder System during the Relevant Period.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) is ambiguous and vague; and (3) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all communications "Ty Wiedrich regarding BRR's Shredder System."

9

3TEK agrees to produce non-privileged responsive documents, subject to the entry of an agreed protective order.

18. **REQUEST FOR PRODUCTION NO. 18:** All Communications involving Nic Rodiles regarding BRR's Shredder System during the Relevant Period.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) is ambiguous and vague; and (3) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all communications "Nic Rodiles regarding BRR's Shredder System."

3TEK agrees to produce non-privileged responsive documents, subject to the entry of an agreed protective order.

19. **REQUEST FOR PRODUCTION NO. 19:** All Documents and communications referenced as 'PX0283' relating to the December 2, 2024 incident where a white sign behind the 3TEK logo fell loose and landed on drive belts.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague as "PX0283" is not reasonably defined; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope or subject matter.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement

parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

20.    **REQUEST FOR PRODUCTION NO. 20:** All Documents and communications referenced as 'PX0287' relating to the December 9, 2024 service communication about the solenoid for the reject door.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague as "PX0287" is not reasonably defined; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope or subject matter.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

21.    **REQUEST FOR PRODUCTION NO. 21:** All Documents and communications referenced as 'PX0369NF' relating to the April 17, 2025 parts drawing for the non-ferrous conveyor carrier roller replacement.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery

11

of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague as "PX0369NF" is not reasonably defined; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope or subject matter.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

22.     **REQUEST FOR PRODUCTION NO. 22:** All Documents and communications relating to service order 'SO-74964' for replacement carrier rollers dated April 17, 2025.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague as "SO-74964" is not reasonably defined; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope or subject matter.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the

12

Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

23.    **REQUEST FOR PRODUCTION NO. 23:** All Documents and communications referenced as 'PX0395' relating to the June 3, 2025 VCC swap and replacement control cabinet shipment.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague as "PX0395" is not reasonably defined; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope or subject matter.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

24.    **REQUEST FOR PRODUCTION NO. 24:** All Documents and communications relating to UPS tracking number '1ZX48F210109218438' for the June 3, 2025 VCC cabinet shipment.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable

specificity to allow a response; (3) is ambiguous and vague as "UPS tracking number '1ZX48F210109218438" is not reasonably defined; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope or subject matter.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

25.     **REQUEST FOR PRODUCTION NO. 25:** All Documents and communications relating to the technical drawing '3D00308-00-R2.pdf' for non-ferrous conveyor parts.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague as "3D00308-00-R2.pdf" is not reasonably defined; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope or subject matter.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

14

26.    **REQUEST FOR PRODUCTION NO. 26:** All Documents and communications relating to the technical document '1134234 REV A.pdf' concerning the December 2, 2024 belt damage incident.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague as "'1134234 REV A.pdf' is not reasonably defined; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

27.    **REQUEST FOR PRODUCTION NO. 27:** All Documents and communications relating to the November 19, 2024 valve block assembly that sprayed hydraulic oil due to loose bolts.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly

15

burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

28.     **REQUEST FOR PRODUCTION NO. 28:** All Documents and communications relating to the November 20, 2024 multiple hydraulic leaks reported throughout the shredder, including hoses underneath the carriage and the pump off the back of the Caterpillar engine.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

16

29.    **REQUEST FOR PRODUCTION NO. 29:** All Documents and communications relating to service visits by Taylor Griffith to Brooklyn, New York, during the relevant period, including trip reports, expense reports, daily logs, photographs, and communications with management.

**RESPONSE:** 3TEK objects to this request as it seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence.

3TEK agrees to produce non-privileged responsive documents, subject to the entry of an agreed protective order.

30.    **REQUEST FOR PRODUCTION NO. 30:** All Documents and communications relating to service visits by Alan Williams to Brooklyn, New York, during the relevant period, including trip reports, expense reports, daily logs, photographs, and communications with management.

**RESPONSE:** 3TEK objects to this request as it seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence.

3TEK agrees to produce non-privileged responsive documents, subject to the entry of an agreed protective order.

31.    **REQUEST FOR PRODUCTION NO. 31:** All Documents and communications relating to the failure of the C32 engine, including failure analysis, warranty claims, and root cause investigations.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; (5) assumes and/or misstates facts in evidence; (6) it seeks legal conclusions; and (7) seeks evidence of subsequent remedial measures.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

32.    **REQUEST FOR PRODUCTION NO. 32:** All Documents and communications relating to the replacement of the water control center, motor control center (MCC), downstream control cabinet (VCC), and multiple P and J series harnesses in BRR's Shredder System.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly

burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

33.  **REQUEST FOR PRODUCTION NO. 33:** All Documents and communications relating to the engine harness containing broken wires and missing or makeshift ground connections that were not replaced despite known deficiencies.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

34.    **REQUEST FOR PRODUCTION NO. 34:** All Documents and communications relating to the fuel-level sensor that was stuck in the 'empty' position and 3TEK's instruction to BRR to strike the sensor with a hammer.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

35.    **REQUEST FOR PRODUCTION NO. 35:** All Documents and communications relating to hydraulic valve failures in BRR's Shredder System, including manual valves, solenoid-operated valves, and major valve blocks that leaked from the outset.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly

burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

36.    **REQUEST FOR PRODUCTION NO. 36:** All Documents and communications relating to hydraulic valve brackets that broke repeatedly, causing valve assemblies to fall and requiring BRR to weld brackets back together.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

37.    **REQUEST FOR PRODUCTION NO. 37:** All Documents and communications relating to the wrong hydraulic valve initially installed for at least one critical function.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

38.    **REQUEST FOR PRODUCTION NO. 38:** All Documents and communications relating to the pin-puller valve intended for a larger machine that was installed in BRR's Shredder System.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and

communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

39.      **REQUEST FOR PRODUCTION NO. 39:** All Documents and communications relating to the pin-puller mechanism that extended itself while the shredder was operating and whose cap fell off within weeks of delivery.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

40.    **REQUEST FOR PRODUCTION NO. 40:** All Documents and communications relating to hydraulic valves that broke and had to be physically held in place with tie-straps, including any safety risk assessments by 3Tek.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

41.    **REQUEST FOR PRODUCTION NO. 41:** All Documents and communications relating to the Downstream ReConcept hydraulic pump that was delivered with only a plastic shipping plug instead of a proper metal fitting.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly

24

burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

42.    **REQUEST FOR PRODUCTION NO. 42:** All Documents and communications relating to the design and manufacturing of the ReConcept downstream conveyors and chutes, including material specifications and wear plate requirements.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; (5) assumes and/or misstates facts in evidence; and (5) it seeks confidential and proprietary business information of 3TEK.

43.    **REQUEST FOR PRODUCTION NO. 43:** All Documents and communications relating to the design of chutes and sealing that caused scrap accumulation and conveyor belt damage.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any

claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; (5) assumes and/or misstates facts in evidence; and (5) it seeks confidential and proprietary business information of 3TEK.

44.    **REQUEST FOR PRODUCTION NO. 44:** All Documents and communications relating to conveyor design problems, including open tops where material could fall into the belt return sides.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

26

45. **REQUEST FOR PRODUCTION NO. 45:** All Documents and communications relating to the back-wall grate assembly, including structural analysis and weld failure investigations and testing.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

46. **REQUEST FOR PRODUCTION NO. 46:** All Documents and communications relating to the failure of welds securing abrasive wear plates that allowed the grate to fall backward into the discharge chamber.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly

burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

47. **REQUEST FOR PRODUCTION NO. 47:** All Documents and communications relating to back-wall liners that failed prematurely.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

47.1    **REQUEST FOR PRODUCTION NO. 47.1:** All documents and communications relating to the cause for the 6-month delay for 3Tek to replace the back wall liners.

   **RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

   3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

48.    **REQUEST FOR PRODUCTION NO. 48:** All Documents and communications relating to the drum magnet sprockets that were initially unguarded and the large sprocket machined off-center.

   **RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and

communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

49.    **REQUEST FOR PRODUCTION NO. 49:** All Documents and communications relating to chain cycling between tight and loose positions, chain snapping, shaft bending, and hydraulic motor damage on the drum magnet.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

30

50.     **REQUEST FOR PRODUCTION NO. 50:** All Documents and communications relating to drum magnet lifters fabricated from thin flat stainless steel instead of sturdy angle iron.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

51.     **REQUEST FOR PRODUCTION NO. 51:** All Documents and communications relating to lifters and paddles breaking off the drum magnet, requiring repair or replacement, and causing downtime.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and

31

communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

52.    **REQUEST FOR PRODUCTION NO. 52:** All Documents and communications relating to aluminum '3TEK' plates and star-shaped logos that loosened and fell off the machine.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

53.    **REQUEST FOR PRODUCTION NO. 53:** All Documents and communications relating to the 75-pound star plate that fell off the back of the machine.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

54.    **REQUEST FOR PRODUCTION NO. 54:** All Documents and communications relating to the feed roll that failed to operate reliably in automatic mode, forcing manual operation.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement

33

parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

55.     **REQUEST FOR PRODUCTION NO. 55:** All Documents and communications relating to the replacement or adjustment of at least twenty sensors, including pressure sensors, compression sensors, and multiple solenoids.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

56.     **REQUEST FOR PRODUCTION NO. 56:** All Documents and communications relating to clutch pressure sensors that erratically kicked the clutch out and shut the shredder down under modest loads.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any

claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

57.    **REQUEST FOR PRODUCTION NO. 57:** All Documents and communications relating to emergency-stop buttons that became non-functional due to electrical issues.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement

parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

58.    **REQUEST FOR PRODUCTION NO. 58:** All Documents and communications relating to the auxiliary 'pony' engine electronics that did not function.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

58.1    **REQUEST FOR PRODUCTION NO. 58.1:** All documents and communications relating to 3TEK's advice to BRR to install a bypass switch to get the auxiliary pony engine electronics to operate.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery

36

of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

59.    **REQUEST FOR PRODUCTION NO. 59:** All Documents and communications relating to the HPU control cabinet that was wired incorrectly, causing misreading of internal signals.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the

37

Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

59.1    **REQUEST FOR PRODUCTION NO. 59.1:** All documents and internal communications regarding the reported issues highlighted in demands 27-59.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

60.    **REQUEST FOR PRODUCTION NO. 60:** All Documents and communications relating to Your knowledge of Bill Padula's representations to BRR regarding the Shredder System's capabilities and performance.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable

38

specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; (5) assumes and/or misstates facts in evidence; and (6) it seeks legal conclusions.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

61. **REQUEST FOR PRODUCTION NO. 61:** All Documents and communications relating to Your knowledge of representations that the Shredder System could achieve 85-90% uptime with appropriate maintenance.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; (5) assumes and/or misstates facts in evidence; and (6) it seeks legal conclusions.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the

Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

62. **REQUEST FOR PRODUCTION NO. 62:** All Documents and communications relating to Your knowledge of representations that the Shredder System could process 3,000 tons of scrap per month.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; (5) assumes and/or misstates facts in evidence; and (6) it seeks legal conclusions.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

63. **REQUEST FOR PRODUCTION NO. 63:** All Documents and communications relating to Your knowledge of representations that the Shredder System could shred whole cars as depicted in marketing materials.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery

of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; (5) assumes and/or misstates facts in evidence; and (6) it seeks legal conclusions.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

64.    **REQUEST FOR PRODUCTION NO. 64:** All Documents and communications relating to marketing materials, brochures, videos, and advertisements for the Bravo 6280 shredder during the Relevant Period.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) assumes and/or misstates facts in evidence.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the

41

Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

65. **REQUEST FOR PRODUCTION NO. 65:** All Documents and communications relating to the actual uptime performance of BRR's Shredder System.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

66. **REQUEST FOR PRODUCTION NO. 66:** All Documents and communications relating to production data for BRR's Shredder System.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly

42

burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

67.   **REQUEST FOR PRODUCTION NO. 67:** All Documents and communications relating to quality control procedures and testing performed on BRR's Shredder System prior to delivery.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

68.     **REQUEST FOR PRODUCTION NO. 68:** All Documents and communications relating to organizational charts and operating agreements for 3TEK and the 3TEK Member Companies during the Relevant Period and the current corporate structure.

**RESPONSE:** 3TEK objects to this request as it: (1) it is vague and ambiguous; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks "all … Documents and communications" without limitation, and it is unlimited in scope or subject matter; (4) it seeks confidential and proprietary business information of 3TEK; and (5) it seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence.

69.     **REQUEST FOR PRODUCTION NO. 69:** All Documents and communications relating to insurance policies that may provide coverage for claims in this lawsuit.

**RESPONSE:** None.

70.     **REQUEST FOR PRODUCTION NO. 70:** All Documents and communications relating to document retention and litigation hold policies implemented in connection with this dispute.

**RESPONSE:** None.

71.     **REQUEST FOR PRODUCTION NO. 71:** All financial records relating to the manufacturing cost, profit margins, and pricing of the Shredder System sold to BRR.

**RESPONSE:** 3TEK objects to this request as it: (1) it is vague and ambiguous; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks "all financial records" without limitation, and it is unlimited in scope or subject matter;

44

(4) it seeks confidential and proprietary business information of 3TEK; (5) it seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; and (6) it seeks information regarding financial information of 3TEK, which is not discoverable under the rules.

72.    **REQUEST FOR PRODUCTION NO. 72:** All Documents and communications relating to warranty claims and service history for all other Bravo 6280 shredders manufactured by 3TEK.

**RESPONSE:** 3TEK objects to this request as it: (1) it is vague and ambiguous; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks "all documents and communications" without limitation, and it is unlimited in scope or subject matter; (4) it seeks confidential and proprietary business information of 3TEK; and (5) it seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence.

73.    **REQUEST FOR PRODUCTION NO. 73:** All documents and communications between 3TEK and Rockwell Automation / Allen Bradley relating to the Bravo 6280 or any mobile shredder product, including any purchase orders, quotations, technical specifications, or licensing agreements.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery

of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it seeks confidential and proprietary business information of 3TEK; and (5) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

74.    **REQUEST FOR PRODUCTION NO. 74:** All Documents and Communications relating to the CAN bus communication system on BRR's System, including all diagnostics, error logs, troubleshooting records, and analyses of the controller shutdown issues.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

75.    **REQUEST FOR PRODUCTION NO. 75:** All Documents and Communications relating to the deletion, modification, or overwriting of PLC error logs on BRR's System, including the identity of the person who performed the deletion, the method used, the data deleted, any backup copies, any authorization for the deletion, and the reason for the deletion.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

76.    **REQUEST FOR PRODUCTION NO. 76:** All PLC data, error logs, event logs, diagnostic data, parameter history, and system logs from BRR's System, including any backup copies, archived data, cloud-stored data, or data retrievable from any source.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly

47

burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

77.    **REQUEST FOR PRODUCTION NO. 77:** All Documents and Communications relating to Bill Padula's employment at 3TEK, including his personnel file, job description, performance reviews, and all communications sent or received by Padula relating to BRR or the System.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) seeks confidential and private information regarding third parties.

78.    **REQUEST FOR PRODUCTION NO. 78:** All Documents and Communications relating to Bill Padula's resignation from 3TEK on or about January 14, 2026, including his resignation letter, any exit interview notes, separation agreement, and any communications between 3TEK management regarding his departure.

48

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope; and (5) it seeks confidential and private information regarding third parties.

79.     **REQUEST FOR PRODUCTION NO. 79:** All Documents and Communications relating to any decision by 3TEK management to prohibit, restrict, or discourage any employee from providing assistance, service, or support to BRR after the dispute arose, including the identities of the decision-makers and the reasons for the decision.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

49

80.    **REQUEST FOR PRODUCTION NO. 80:** All Documents and Communications relating to the software, firmware, and parameter settings for the PLC and control system on BRR's System, including all versions installed, updates applied, parameter changes made, and any known bugs or issues.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; (4) it seeks confidential and proprietary business information of 3TEK; and (5) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

81.    **REQUEST FOR PRODUCTION NO. 81:** All Documents and Communications relating to reports that parameters on BRR's System 'mysteriously change or reset,' including any diagnostics, investigations, or root cause analyses.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

82.     **REQUEST FOR PRODUCTION NO. 82:** All Documents and Communications relating to the sprocket/key failure on BRR's System where two sides of a component were built differently, including quality control records, manufacturing inspection reports, and root cause analyses.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

51

83.    **REQUEST FOR PRODUCTION NO. 83:** All Documents and Communications relating to chute plugging or clogging issues on BRR's ReConcept downstream system, including any design analyses, customer complaints from other users, and any proposed or implemented remedies.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

84.    **REQUEST FOR PRODUCTION NO. 84:** All Documents and Communications relating to 3TEK's electronically stored information ('ESI') systems, including email servers, document management systems, cloud storage platforms, and CRM or ERP systems used to manage customer accounts, service records, or communications relating to BRR.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable

specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

85. **REQUEST FOR PRODUCTION NO. 85:** All internal communications and documents and communications that reference: Brooklyn Resource Recovery; BRR; Patrick Christopher; Christian Rosselli; John Rosselli@brooklynresource.com; pchristopher6565@icloud.com; crosselli@brooklynresource.com; johnrosselli@brooklynresource.com. To ensure a diligent and complete search, the following Boolean parameters and proximity searches are required: Individual Searches for each named individual (Patrick Christopher, Christian Rosselli, John Rosselli) must include the (First Name AND Last Name) to capture variations such as 'Rosselli, John' or 'Christian A. Rosselli.' Where e-discovery software is utilized, a proximity search of (First Name) w/5 (Last Name) must be used. A search for the surname alone is required for all communications containing the terms '3TEK,' 'shredder,' 'Riverside Engineering,' 'RSENGR,' 'BRR', 'Brooklyn' or 'solenoid' The search must capture all Electronically Stored Information (ESI) involving the following domains and specific handles: All internal and external communications originating from or sent to the domain @brooklynresource.com; All communications involving the alias or personal handle pchristopher6565@icloud.com, crosselli@brooklynresource.com, johnrosselli@brooklynresource.com ; All communications involving the domain @rsengr.com (Riverside Engineering).

Searches for Brooklyn Resource Recycling must include the acronym 'BRR' and the variation 'Brooklyn Resource Recovery,' as well as any common misspellings thereof.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

86.     **REQUEST FOR PRODUCTION NO. 86:** All Documents relating to any telematics, telemetry, remote monitoring, condition monitoring, IoT, SCADA, or cloud-based diagnostic system installed in, connected to, or capable of collecting data from BRR's Shredder System, including but not limited to the Parker IQAN control platform's data logging and remote communication capabilities.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly

burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

87.    **REQUEST FOR PRODUCTION NO. 87:** All data, reports, dashboards, logs, and electronically stored information generated by or exported from any remote monitoring, telematics, or condition monitoring system relating to BRR's Shredder System during the Relevant Period, including but not limited to data reflecting engine temperature, speed, torque, motor loads, hydraulic pressures, bearing temperatures, machine utilization, throughput rates, energy consumption, vibration measurements, feed rates, fault codes, alarm events, uptime, downtime, and GPS location.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the

55

Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

88.    **REQUEST FOR PRODUCTION NO. 88:** All Documents relating to Your ability to remotely access, monitor, or retrieve operational data from the Parker IQAN control platform or any other control system installed in BRR's Shredder System from Your facilities or any other remote location, including any login credentials, access agreements, software licenses, or cloud service subscriptions used for such remote access.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

89.    **REQUEST FOR PRODUCTION NO. 89:** All Documents and Communications relating to any analysis, review, or discussion by You or any of Your employees, agents, or representatives of remotely obtained operational data from BRR's Shredder System, including any internal reports, summaries, or assessments of the Shredder System's uptime, downtime, fault frequency, or overall performance based on such data.

56

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

90. **REQUEST FOR PRODUCTION NO. 90:** All Documents relating to the configuration, activation, deactivation, or modification of any remote monitoring, telematics, or data logging features in BRR's Shredder System, including whether such features were enabled or disabled at the time of delivery and whether BRR was informed of the existence of such capabilities.

**RESPONSE:** 3TEK objects to this request as it: (1) seeks documents and communications that are completely irrelevant as it seeks information wholly unrelated to any claim or defense of any party in this case, nor is it reasonably calculated to lead to the discovery of admissible evidence; (2) fails to request a document or category of documents with reasonable specificity to allow a response; (3) is ambiguous and vague; and (4) it is overbroad and unduly burdensome on its face as it has no limitations inasmuch as it seeks all documents and communications and is not reasonably limited in scope.

57

3TEK agrees to produce non-privileged responsive documents related to the Contract, the purchase and sale of the Shredding System, BRR's warranty claims, replacement parts, and service requests involving 3TEK, including those related to the replacement of the Parker IQAN machine control system under the warranty in the Contract, subject to the entry of an agreed protective order.

Dated: April 20, 2026
      New York, NY

                Respectfully submitted,

                Christopher M.W. Pioch
                Christopher Pioch and Associates
                1350 Ave of the Americas, Fl 2 -1075
                New York, NY 10019
                cpioch@piochlaw.com
                Tel: (201) 956-0040

                -and-

                Ryan K. McComber *(PHV to be filed)*
                Texas Bar No. 24041428
                ryan.mccomber@figdav.com
                Stoker G. Burt (PHV to be filed)
                Texas Bar No. 24116151
                stoker.burt@figdav.com
                Figari + Davenport, LLP
                901 Main Street, Suite 3400
                Dallas, Texas 75202
                Tel: (214) 939-2000
                Fax: (214) 939-2090

                *Attorneys for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 20, 2026, the foregoing was served on Plaintiff Brooklyn

Resource Recovery, Inc. via electronic mail upon the following counsel of record:

Reza Yassi
Yassi Law PC
106 W 32nd St., Suite 123
New York, NY 10001
ry@yassilaw.com

Christopher M.W Pioch